# UNITED STATE BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY EASTMAN DEMPSEY | ) | Case No. 23-12088-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |

| | | |
|---|---|---|
| ROBERT M. FEUCHT, | ) | |
| ELIZABETH FEUCHT | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | |
| GREGORY EASTMAN DEMPSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY

Come now your Plaintiffs Robert & Elizabeth Feucht, by counsel, and file this Complaint Objecting to Dischargeability pursuant to 11 U.S.C. §523(a) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, to have certain debts owed by Gregory Eastman Dempsey ("Defendant") declared nondischargeable, and in support, state as follows:

### PARTIES

1. Defendant Gregory Eastman Dempsey is the debtor in a pending Chapter 7 Bankruptcy case (No. 23-12088), which was filed with this Court on December 21, 2023.  Mr. Darnell is a natural person and resident of the Commonwealth of Virginia.

2. Plaintiffs Robert & Elizabeth Feucht are natural persons and residents of the Commonwealth of Virginia.  They are scheduled creditors in Mr. Dempsey's Bankruptcy case.

## JURISDICTION

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §523(a). This matter is a core proceeding under 28 U.S.C. §157(b)(2).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334 as referred to this Court pursuant to 28 U.S.C. §151 and 28 U.S.C. §157.

5. Venue is proper in this jurisdiction 28 U.S.C. §1408 and §1409 because Defendant is presently a debtor in a Chapter 7 Bankruptcy pending in this Court, Plaintiffs reside in this jurisdiction, and the actions giving rise to this claim took place in this jurisdiction.

## STATEMENT OF FACTS

6. Plaintiffs Robert & Elizabeth Feucht are adult residents of the Commonwealth of Virginia and creditors in this Bankruptcy. At the time of filing, they had a pending lawsuit (Case No. 23-10637) against Mr. Dempsey in the Circuit Court for Prince William County, Virginia.

7. Mr. Dempsey is an owner and manager of The Stonehill Company, LLC dba Stonehill Builders, LLC ("Stonehill"), a Virginia limited liability company. Stonehill is presently a debtor in a pending Chapter 7 Bankruptcy case in this District (Case No. 23-12001). Mr. Dempsey is the Debtor Designee for Stonehill in that case.

8. On or about October 1, 2021, Plaintiffs entered into a contract with Stonehill for the purchase of land and construction of a house on the property known as 14370 Owls Nest Road, Nokesville, Virginia (the "Property").

9. Plaintiffs advanced $100,000 to Stonehill in October 2021. On December 3, 2021, Stonehill conveyed the Property to the Plaintiffs. Construction on the Property did not begin until August 2022.

10. In conjunction with the purchase of the Property, Plaintiffs obtained a construction loan with Sandy Spring Bank. The loan provided for a series of draws upon completion of various stages of construction.

11. Defendant submitted numerous draw requests to Sandy Spring Bank which were materially false. Specifically, he represented that work was completed in accordance with the terms of the contract, when in fact the work was either partially completed, not done in accordance with the plans and specifications of the contract, or subcontractors had not been paid.

12. Defendant submitted a draw request on behalf of Stonehill for framing work and materials in the amount of $148,778.56. The request was approved and paid in full by the bank.

13. Although the framing had been done, Defendant failed to have Stonehill pay Building Supply of Manassas for the framing materials in the amount of $113,421.54.

14. In June 2023, Building Supply of Manassas recorded a mechanic's lien against the Property. Knowing that this lien would cause the mechanic's lien agent to block the payment of future draws, Defendant persuaded the supplier to withdraw its lien temporarily. At that time, Stonehill had a pending draw request in the amount of $84,307.85. Shortly after the lien was withdrawn, Defendant filed another draw request in the amount of $149,778.55.

15. With no mechanics' liens of record, the bank paid the full amount of both these draw requests to Stonehill.

16. Persuading the supplier to withdraw its lien operated as a fraud upon the bank and Plaintiffs by inducing the bank to pay the full draw requests when there were outstanding amounts owed for materials.

17. Virginia Code §43-13 provides that a contractor who with intent to defraud uses funds paid by a property owner for any purpose other than paying for labor and materials without

3

first paying for such labor and materials is deemed to have committed larceny. This Code section further provides that the use of any such monies before paying all amounts due for labor or materials is presumptive evidence of an intent to defraud.

18. Defendant wrongfully failed to use the funds paid by Plaintiffs through the construction loan to pay for labor and materials in violation of Va. Code §43-13.

19. Three mechanics liens have been filed against the Property because of Defendant's failure to pay subcontractors and materials suppliers.

    a. Top Notch Home Remodeling, LLC recorded a mechanic's lien in the amount of $34,384.00.

    b. Greco Corporation dba Greco Masonry recorded a mechanic's lien in the amount of $64,087.

    c. Building Supply of Manassas recorded a mechanic's lien in the amount of $113,421.54.

20. Defendant attempted to surreptitiously substitute inferior materials in an attempt to generate additional profits for Stonehill. For instance:

    a. Defendant directed the subcontractor doing the excavation/grading work on the Property to use 20" pipe rather than the 54" pipe required by the Army Corps of Engineers in the grading plan. When the subcontractor pointed out that these were the wrong materials, Defendant directed the subcontractor to proceed, telling him, "That's what I have." Defendant then falsely told the Plaintiffs that the correct pipes were "on back order."

    b. After the wrong windows were installed on the property, Defendant changed the logs on the project management web portal to alter the agreed upon specifications in an attempt to conceal the mistake.

   c. Defendant attempted to expand Stonehill's profit margin by "value engineering" the design of the framing lumber. He deviated from the original designs to use framing materials which could support lesser loads in order to save money, in a manner he knew would remain hidden.

21. To induce Plaintiffs to keep Stonehill as their contractor and continue to advance money to Stonehill, Mr. Dempsey made a series of false and misleading statements regarding the progress of the construction project. He repeatedly misled them as to the status of the project, the reasons for delays, etc.

22. As a result of Defendant's many misrepresentations and other fraudulent conduct, Plaintiff have suffered damages of not less than $411,500.

## DETERMINATION OF DISCHARGEABILITY OF DEBT

### COUNT I – DEFALCATION/LARCENY

23. The preceding paragraphs are incorporated herein by reference.

24. Pursuant to 11 U.S.C. 523(a)(4), a discharge under 11 U.S.C. 727 does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

25. Mr. Dempsey was responsible for the operations of Stonehill. In such capacity, he owed certain fiduciary duties to Stonehill, including loyalty, care, and good faith and fair dealing.

26. Defendant had a legal and fiduciary obligation to use the funds which Stonehill received from the Plaintiffs and their lender to pay subcontractors and materials suppliers. Defendant not only failed to carry out this duty, he acted to conceal his defalcation in a manner which induced the Plaintiffs and their lender to continue to pay draws on the project.

27. In misappropriating the funds from Sandy Springs Bank by not paying subcontractors and materials suppliers, in violation of Va. Code §43-13, Defendant is individually liable for defalcation as a fiduciary and for larceny of those funds.

28. As a result of Defendant's fraud, defalcation, and larceny, Plaintiffs suffered damages in the amount of the $177,508.54 not paid to subcontractors and materials suppliers as well as the $234,086.40 in subsequent draws which were paid.

29. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(4) and to award judgment in favor of the Plaintiffs to compensate them for Defendant's defalcation, fraud, and larceny.

## COUNT II - FRAUD

30. The preceding paragraphs are incorporated herein by reference.

31. Pursuant to 11 U.S.C. 523(a)(2)(a), a discharge under 11 U.S.C. 727 does not discharge an individual debtor for a money obtained by false pretenses, a false representation, or actual fraud.

32. Defendant defrauded Plaintiffs and their lender by submitting draw requests for work that was not properly and completely done and by scheming to conceal the existence of a lien for unpaid materials in order to induce the bank to pay additional draws.

33. Defendant knew that his conduct was misleading and that his statements were false and he acted with the intention of deceiving the Plaintiffs and their bank as to the status of the construction project in order to obtain additional draws.

34. The Plaintiffs and Sandy Spring Bank relied upon these misrepresentations, including the misrepresentation by omission regarding the mechanic's lien, in continuing to authorize draws to Stonehill as the contractor on the project.

35. Defendant further defrauded Plaintiffs by substituting materials, altering the project management logs, and concealing alterations to the plans on the project.

36. As a result of Defendant's fraud Plaintiffs suffered damages in the amount of the $177,508.54 not paid to subcontractors and materials suppliers as well as the $234,086.40 in subsequent draws which were paid.

37. Defendants suffered further damages as a result of Defendant's fraudulent substitution of materials, alterations of project logs, and concealment of alterations to the plans.

38. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(2) and to award judgment in favor of the Plaintiffs to compensate them for Defendant's fraud.

## COUNT III – WILFUL AND MALCIIOUS INJURY

39. The preceding paragraphs are incorporated herein by reference.

40. Pursuant to 11 U.S.C. 523(a)(6), a discharge under 11 U.S.C. 727 does not discharge an individual debtor debt for willful and malicious injury by the debtor to another entity.

41. The contract between Stonehill and the Plaintiffs was a "consumer transaction" as defined by the Virginia Consumer Protection Act (VCPA), Va. Code §59.1-196 et. seq.

42. In his capacity operating Stonehill, Mr. Dempsey repeatedly violated the VCPA, to wit:

    a. Misrepresenting that services had been fully and properly performed in order to induce the Plaintiffs and Sandy Spring Bank to continue to advance money pursuant to the contract in violation of Va. Code §59.1-200(A)(10).

  b. Using deception, fraud, false pretense, false promises, and misrepresentations in connection with this consumer transaction in violation of Va. Code §59.1-200(A)(14).

  c. Obtaining money by false pretenses and failing to perform promises for construction in violation of Va. Code §59.1-200(A)(57).

43. Pursuant to Va. Code §59.1-204, upon a finding of a willful violation of the VCPA, the Court may award up to three times the actual damages sustained, as well as reasonable attorney fees and court costs.

44. Defendant's conduct in violating the VCPA was willful and malicious in that he purposefully engaged in a course of conduct which was deceptive and fraudulent and which he knew would cause injury to the Plaintiffs.

45. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(4) and award judgment in favor of the Plaintiffs to compensate them for Defendant's willful and malicious injuries.

WHEREFORE, Plaintiffs respectfully request that this Court determine that the debts owed to them by the Plaintiff are nondischargeable pursuant to 11 U.S.C. 523(a) and to enter judgment in their favor to compensate them for their injuries.

            RESPECTFULLY SUBMITTED,

            by /s/ David C. Jones, Jr.
            David C. Jones, Jr. VSB 37483
            10617 Jones Street, Suite 301-A
            Fairfax, VA 22030