## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re:<br><br>    Gregory Eastman Dempsey<br><br>        Debtor | Case No. 23-12088-BFK<br>Chapter 7 |

Robert M. Feucht

and

Elizabeth Feucht,

    Plaintiffs,

v.                                                                                         AP No. 24-01017-BFK

Gregory Eastman Dempsey,

    Defendants

### **ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

COMES NOW Gregory Eastman Dempsey (the "Debtor" or "Defendant"), by counsel, and in response to the Complaint Objecting to Dischargeability (the "Complaint"), filed by Robert M. Feucht and Elizabeth Feucht (the "Plaintiffs"), the Defendant answers as follows, following the numbered paragraphs of the Complaint, and asserts his affirmative and other defenses as follows:

### **PARTIES**

1. Defendant Gregory Eastman Dempsey is the debtor in a pending Chapter 7 Bankruptcy case (No. 23-12088), which was filed with this Court on December 21, 2023. Mr. Darnell is a natural person and resident of the Commonwealth of Virginia.

    **ANSWER**: The Defendant admits the first sentence of paragraph 1. The Debtor is without sufficient information to admit or deny the allegations of the second sentence.

John Goetz Law, PLC
John P. Goetz, VSB #78514
86 W. Shirley Avenue
Warrenton, VA 20186
540-359-6605 Telephone
540-359-6610 Facsimile
john@johngoetzlaw.com
*Counsel for Defendant*                                            1

2. Plaintiffs Robert & Elizabeth Feucht are natural persons and residents of the Commonwealth of Virginia. They are scheduled creditors in Mr. Dempsey's Bankruptcy case.

   **ANSWER**: Admitted.

## JURISDICTION

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §523(a). This matter is a core proceeding under 28 U.S.C. §157(b)(2).

   **ANSWER**: Admitted.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334 as referred to this Court pursuant to 28 U.S.C. §151 and 28 U.S.C. §157.

   **ANSWER**: Admitted.

5. Venue is proper in this jurisdiction 28 U.S.C. §1408 and §1409 because Defendant is presently a debtor in a Chapter 7 Bankruptcy pending in this Court, Plaintiffs reside in this jurisdiction, and the actions giving rise to this claim took place in this jurisdiction.

   **ANSWER**: Admitted.

## STATEMENT OF FACTS

6. Plaintiffs Robert & Elizabeth Feucht are adult residents of the Commonwealth of Virginia and creditors in this Bankruptcy. At the time of filing, they had a pending lawsuit (Case No. 23-10637) against Mr. Dempsey in the Circuit Court for Prince William County, Virginia.

   **ANSWER**: Admitted.

7. Mr. Dempsey is an owner and manager of The Stonehill Company, LLC dba Stonehill Builders, LLC ("Stonehill"), a Virginia limited liability company. Stonehill is presently a debtor in a pending Chapter 7 Bankruptcy case in this District (Case No. 23-12001). Mr. Dempsey is the Debtor Designee for Stonehill in that case.

   **ANSWER**: Admitted.

8. On or about October 1, 2021, Plaintiffs entered into a contract with Stonehill for the purchase of land and construction of a house on the property known as 14370 Owls Nest Road, Nokesville, Virginia (the "Property").

   **ANSWER**: The Defendant admits a contract was entered into by Stonehill Builders, LLC.

9. Plaintiffs advanced $100,000 to Stonehill in October 2021. On December 3, 2021, Stonehill conveyed the Property to the Plaintiffs. Construction on the Property did not begin until August 2022.

   **ANSWER**: Admitted.

10. In conjunction with the purchase of the Property, Plaintiffs obtained a construction loan with Sandy Spring Bank. The loan provided for a series of draws upon completion of various stages of construction.

    **ANSWER**: Admitted.

11. Defendant submitted numerous draw requests to Sandy Spring Bank which were materially false. Specifically, he represented that work was completed in accordance with the terms of the contract, when in fact the work was either partially completed, not done in accordance with the plans and specifications of the contract, or subcontractors had not been paid.

    **ANSWER**: Admitted in part and denied in part. The Defendant admits submitting numerous draw requests to Sandy Spring Bank. The Defendant denies the remaining allegations of paragraph 11 and demands strict proof thereof.

12. Defendant submitted a draw request on behalf of Stonehill for framing work and materials in the amount of $148,778.56. The request was approved and paid in full by the bank.

    **ANSWER**: Admitted.

13. Although the framing had been done, Defendant failed to have Stonehill pay Building Supply of Manassas for the framing materials in the amount of $113,421.54.

    **ANSWER**: The Defendant denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14. In June 2023, Building Supply of Manassas recorded a mechanic's lien against the Property. Knowing that this lien would cause the mechanic's lien agent to block the payment of future draws, Defendant persuaded the supplier to withdraw its lien temporarily. At that time, Stonehill had a pending draw request in the amount of $84,307.85. Shortly after the lien was withdrawn, Defendant filed another draw request in the amount of $149,778.55.

    **ANSWER**: Admitted in part and denied in part.  The Defendant admits sentence 1 of paragraph 14.  The Defendant denies the remaining allegations of paragraph 14 and demands strict proof thereof. The lienholder was paid an amount sufficient to allow the mechanic's lien to be voluntarily released so construction to continue.

3

15. With no mechanics' liens of record, the bank paid the full amount of both these draw requests to Stonehill.

    **ANSWER**: Admitted.

16. Persuading the supplier to withdraw its lien operated as a fraud upon the bank and Plaintiffs by inducing the bank to pay the full draw requests when there were outstanding amounts owed for materials.

    **ANSWER**: The Defendant denies all allegations in paragraph 16 of the Complaint and

demands strict proof thereof.

17. Virginia Code §43-13 provides that a contractor who with intent to defraud uses funds paid by a property owner for any purpose other than paying for labor and materials without first paying for such labor and materials is deemed to have committed larceny. This Code section further provides that the use of any such monies before paying all amounts due for labor or materials is presumptive evidence of an intent to defraud.

    **ANSWER**: Paragraph 17 is a paraphrased restatement of law for which no response is

required.

18. Defendant wrongfully failed to use the funds paid by Plaintiffs through the construction loan to pay for labor and materials in violation of Va. Code §43-13.

    **ANSWER**: The Defendant denies all allegations in paragraph 18 of the Complaint and

demands strict proof thereof.

19. Three mechanics liens have been filed against the Property because of Defendant's failure to pay subcontractors and materials suppliers.

    **ANSWER**: The Defendant denies all allegations in sentence 1 of paragraph 18 of the

Complaint and demands strict proof thereof.

    a. Top Notch Home Remodeling, LLC recorded a mechanic's lien in the amount of $34,384.00.

    **ANSWER**: The Defendant denies all allegations in part "a." of paragraph 19 of the

Complaint and demands strict proof thereof. The Plaintiffs never paid the Defendant's company

an amount sufficient to pay the amount owed to Top Notch Home Remodeling, LLC.

   b. Greco Corporation dba Greco Masonry recorded a mechanic's lien in the amount of $64,087.

**ANSWER**: The Defendant denies all allegations in part "b." of paragraph 19 of the Complaint and demands strict proof thereof. The Plaintiffs never paid the Defendant's company an amount sufficient to pay the amount owed to Greco Corporation dba Greco Masonry.

   c. Building Supply of Manassas recorded a mechanic's lien in the amount of $113,421.54.

**ANSWER**: The Defendant denies all allegations in part "c." of paragraph 19 of the Complaint and demands strict proof thereof. The Plaintiffs paid Building Supply of Manassas an amount sufficient to release the mechanics lien. The Defendant is without sufficient information to know why a mechanics lien is in place for this alleged debt.

20. Defendant attempted to surreptitiously substitute inferior materials in an attempt to generate additional profits for Stonehill. For instance:
    a. Defendant directed the subcontractor doing the excavation/grading work on the Property to use 20" pipe rather than the 54" pipe required by the Army Corps of Engineers in the grading plan. When the subcontractor pointed out that these were the wrong materials, Defendant directed the subcontractor to proceed, telling him, "That's what I have." Defendant then falsely told the Plaintiffs that the correct pipes were "on back order."
    b. After the wrong windows were installed on the property, Defendant changed the logs on the project management web portal to alter the agreed upon specifications in an attempt to conceal the mistake.
    c. Due to the Defendants' actions, subcontractors who worked at the Property are now pursuing the Plaintiffs for funds that rightly should have been paid them by Stonehill Builders.
    d. Defendant attempted to expand Stonehill's profit margin by "value engineering" the design of the framing lumber. He deviated from the original designs to use framing materials which could support lesser loads in order to save money, in a manner he knew would remain hidden.

**ANSWER**: The Defendant denies all allegations in paragraph 20 of the Complaint, including all subparts, and demands strict proof thereof.

21. To induce Plaintiffs to keep Stonehill as their contractor and continue to advance money to Stonehill, Mr. Dempsey made a series of false and misleading statements regarding the

5

progress of the construction project. He repeatedly misled them as to the status of the project, the reasons for delays, etc.

**ANSWER**: The Defendant denies the allegations in paragraph 21 of the Complaint and demands strict proof thereof.

22. As a result of Defendant's many misrepresentations and other fraudulent conduct, Plaintiff have suffered damages of not less than $411,500.

**ANSWER**: The Defendant denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof.

## DETERMINATION OF DISCHARGEABILITY OF DEBT

## COUNT I – DEFALCATION/LARCENY

23. The preceding paragraphs are incorporated herein by reference.

**ANSWER**: The Defendant incorporates the preceding answers, to paragraphs 1 – 22, as fully set forth herein.

24. Pursuant to 11 U.S.C. 523(a)(4), a discharge under 11 U.S.C. 727 does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

**ANSWER**: Paragraph 24 is a restatement of law for which no response is required.

25. Mr. Dempsey was responsible for the operations of Stonehill. In such capacity, he owed certain fiduciary duties to Stonehill, including loyalty, care, and good faith and fair dealing.

**ANSWER**: The Defendant denies the allegations in paragraph 25 of the Complaint and demands strict proof thereof.

26. Defendant had a legal and fiduciary obligation to use the funds which Stonehill received from the Plaintiffs and their lender to pay subcontractors and materials suppliers. Defendant not only failed to carry out this duty, he acted to conceal his defalcation in a manner which induced the Plaintiffs and their lender to continue to pay draws on the project.

6

**ANSWER**: The Defendant denies the allegations in paragraph 26 of the Complaint and demands strict proof thereof.

27. In misappropriating the funds from Sandy Springs Bank by not paying subcontractors and materials suppliers, in violation of Va. Code §43-13, Defendant is individually liable for defalcation as a fiduciary and for larceny of those funds.

    **ANSWER**: The Defendant denies the allegations in paragraph 27 of the Complaint and demands strict proof thereof.

28. As a result of Defendant's fraud, defalcation, and larceny, Plaintiffs suffered damages in the amount of the $177,508.54 not paid to subcontractors and materials suppliers as well as the $234,086.40 in subsequent draws which were paid.

    **ANSWER**: The Defendant denies the allegations in paragraph 28 of the Complaint and demands strict proof thereof.

29. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(4) and to award judgment in favor of the Plaintiffs to compensate them for Defendant's defalcation, fraud, and larceny.

    **ANSWER**: The Defendant denies the allegations in paragraph 29 of the Complaint and demands strict proof thereof.

## COUNT II – FRAUD

30. The preceding paragraphs are incorporated herein by reference.

    **ANSWER**:  The Defendant incorporates the preceding answers, to paragraphs 1 – 29, as fully set forth herein.

31. Pursuant to 11 U.S.C. 523(a)(2)(a), a discharge under 11 U.S.C. 727 does not discharge an individual debtor for a money obtained by false pretenses, a false representation, or actual fraud.

    **ANSWER**: Paragraph 31 is a restatement of law for which no response is required.

32. Defendant defrauded Plaintiffs and their lender by submitting draw requests for work that was not properly and completely done and by scheming to conceal the existence of a lien for unpaid materials in order to induce the bank to pay additional draws.

7

**ANSWER**: The Defendant denies the allegations in paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant knew that his conduct was misleading and that his statements were false and he acted with the intention of deceiving the Plaintiffs and their bank as to the status of the construction project in order to obtain additional draws.

**ANSWER**: The Defendant denies the allegations in paragraph 33 of the Complaint and demands strict proof thereof.

34. The Plaintiffs and Sandy Spring Bank relied upon these misrepresentations, including the misrepresentation by omission regarding the mechanic's lien, in continuing to authorize draws to Stonehill as the contractor on the project.

**ANSWER**:  The Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 34 of the Complaint and, therefore, he denies the same and demands strict proof thereof.

35. Defendant further defrauded Plaintiffs by substituting materials, altering the project management logs, and concealing alterations to the plans on the project.

**ANSWER**: The Defendant denies the allegations in paragraph 35 of the Complaint and demands strict proof thereof.

36. As a result of Defendant's fraud Plaintiffs suffered damages in the amount of the $177,508.54 not paid to subcontractors and materials suppliers as well as the $234,086.40 in subsequent draws which were paid.

**ANSWER**: The Defendant denies the allegations in paragraph 36 of the Complaint and demands strict proof thereof.

37. Defendants suffered further damages as a result of Defendant's fraudulent substitution of materials, alterations of project logs, and concealment of alterations to the plans.

**ANSWER**:  The Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 37 of the Complaint and, therefore, he denies the same and demands strict proof thereof.

38. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(2) and to award judgment in favor of the Plaintiffs to compensate them for Defendant's fraud.

**ANSWER**: The Defendant denies the allegations in paragraph 38 of the Complaint and demands strict proof thereof.

### COUNT III – WILFUL AND MALCIIOUS INJURY

39. The preceding paragraphs are incorporated herein by reference.

    **ANSWER**:  The Defendant incorporates the preceding answers, to paragraphs 1 – 38, as fully set forth herein.

40. Pursuant to 11 U.S.C. 523(a)(6), a discharge under 11 U.S.C. 727 does not discharge an individual debtor debt for willful and malicious injury by the debtor to another entity.

    **ANSWER**: Paragraph 40 is a restatement of law for which no response is required.

41. The contract between Stonehill and the Plaintiffs was a "consumer transaction" as defined by the Virginia Consumer Protection Act (VCPA), Va. Code §59.1-196 et. seq.

    **ANSWER**: Admitted.

42. In his capacity operating Stonehill, Mr. Dempsey repeatedly violated the VCPA, to wit:
    a. Misrepresenting that services had been fully and properly performed in order to induce the Plaintiffs and Sandy Spring Bank to continue to advance money pursuant to the contract in violation of Va. Code §59.1-200(A)(10).
    b. Using deception, fraud, false pretense, false promises, and misrepresentations in connection with this consumer transaction in violation of Va. Code §59.1-200(A)(14).
    c. Obtaining money by false pretenses and failing to perform promises for construction in violation of Va. Code §59.1-200(A)(57).

    **ANSWER**: The Defendant denies all allegations in paragraph 42, including subparts, of the Complaint and demands strict proof thereof.

43. Pursuant to Va. Code §59.1-204, upon a finding of a willful violation of the VCPA, the Court may award up to three times the actual damages sustained, as well as reasonable attorney fees and court costs.

    **ANSWER**: Paragraph 43 is a paraphrased restatement of law for which no response is required.

44. Defendant's conduct in violating the VCPA was willful and malicious in that he purposefully engaged in a course of conduct which was deceptive and fraudulent and which he knew would cause injury to the Plaintiffs.

**ANSWER**: The Defendant denies the allegations in paragraph 44 of the Complaint and demands strict proof thereof.

45. Accordingly, the Court should determine that the debts owed to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. 523(a)(4) and award judgment in favor of the Plaintiffs to compensate them for Defendant's willful and malicious injuries.

**ANSWER**: The Defendant denies the allegations in paragraph 45 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1. The Complaint fails to state a claim against the Defendant upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated into Federal Rule of Bankruptcy Procedure 7012.  The acts indictive of alleged fraud occurred in February 2021 and a civil suit was not filed until May 2023.  The applicable state Statute of Limitations to allege fraud expired and, therefore, the Plaintiff is barred from alleging a count of Fraud.

### SECOND DEFENSE –FRUSTRATION OF PURPOSE AND IMPOSSIBILITY OF PERFORMANCE

2. Any failure to perform and complete the contract between the Plaintiffs and Stonehill Builders and/or Stonehill Company is the direct or proximate cause created by the Plaintiffs defaulting on the agreement, by failing to approve or provide funds to pay the costs associated with construction and unjustifiably and improperly terminating the entities before they were able to complete the building project at the Property.  The

Defendant, through his company, had every intention to complete the building project. But for improper conduct of the Plaintiffs, which frustrated the ability to perform and complete the project, the Defendant, through his company, would have fully performed the contract and completed the project. The unjustified and improper conduct and termination of Defendant's company made it impossible for the Defendant's company to complete the project.

## **RESERVATION OF RIGHTS**

3. The Defendant intends to rely upon all other defenses authorized by law, including any defenses that may become known to Defendant during the course of this proceeding.

4. The Defendant reserves the right to amend and supplement this pleading during the course of this litigation.

WHEREFORE, having denied all material allegations against him and having asserted his Affirmative Defenses, the Defendant respectfully requests that this Honorable Court dismiss the Plaintiffs' Complaint, in its entirety and without leave to amend, and to award the Defendant such other and further relief, including reasonable costs incurred and attorney's fees incurred by Defendant in conjunction with adjudication of this matter, as is just and proper.

Date:   April 18, 2024

                                                               Respectfully submitted,

                                                               GREGORY EASTMAN DEMPSEY
                                                               By counsel

                                                               /s/ John P. Goetz
                                                               John P. Goetz, VSB #78514
                                                              John Goetz Law, PLC
                                                              86 W Shirley Avenue
                                                               Warrenton, VA 20186
                                                               T: (540) 359-6605
                                                               F: (540) 359-6610
                                                               john@johngoetzlaw.com
                                                               *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 18, 2024, a true copy of the foregoing Answer to Plaintiff's Complaint Objecting to Dischargeability was mailed, via first class postage paid, or served via the CM/ECF system, to David C. Jones, Jr., Esq., 10617 Jones Street, Suite 301-A, Fairfax, VA 22030.

    /s/ John P. Goetz
    John P. Goetz, VSB # 78514